UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GODSEY | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-14708 |
| | ) | |
| v. | ) | |
| | ) | |
| ELITE LABOR SERVICES, LTD. d/b/a | ) | |
| ELITE STAFFING, INC., and MENASHA | ) | |
| PACKAGING COMPANY, LLC, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff, James Godsey ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Elite Labor Services, LTD. d/b/a Elite Staffing Company, Inc., and Menasha Packaging Company, LLC ("Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendants' discrimination on the basis of Plaintiff's disability, Defendants' failure to accommodate Plaintiff's disability, and Defendants' retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, James Godsey, resided in Will County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendants, Elite Labor Services, LTD. d/b/a Elite Staffing Company, Inc., and Menasha Packaging Company, LLC, were Limited Liability Companies doing business in and for Cook County whose address is 1315 N Northbranch, Chicago, IL 60642.

9. Plaintiff was employed by Defendants as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendants has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendants as a Laborer from August 1, 2015 until his

unlawful termination on or around December 21, 2022.

12. The essential duties of Plaintiff's job included but were not limited to:

- Ensure successful transfer and delivery of packages to intended destinations;
- Operating heavy machinery;
- Picking up and moving heavy packages; and
- Crouching, lifting, kneeling, and twisting.

13. Plaintiff suffers from both diabetes and neuropathy which causes him to suffer from symptoms including but not limited to insulin resistance, tingling in hands and feet, muscle weakness, cramps, loss of muscle or bone, and numbness.

14. Plaintiff performed or could of performed the essential functions of the job with or without accommodations.

15. Plaintiff is a "qualified individual" as defined under the ADA.

16. Due to the worsening condition of Plaintiff's disability, Plaintiff requested that he not be required to lift heavy packages and objects and instead complete other tasks.

17. Defendants failed to engage in the interactive process of providing Plaintiff with accommodations.

18. Supervisor Joe Sodano told Plaintiff "limit how much you lift . . . we cannot accommodate you."

19. Defendants failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request to avoid lifting heavy packages and objects.

20. On or around December 20, 2022, Plaintiff's co-worker (Name Unknown) noticed Plaintiff struggling with his disability and offered to witch positions with Plaintiff.

21. Plaintiff and his co-worker switched positions while Anna Garcia, Head

Supervisor, Mr. Aguilar, Floor Boss, and Sonia (Last Name Unknown), Supervisor, observed without objecting.

22. Line-Lead, Devon (Last Name Unknown), noticed that Plaintiff had switched positions with his co-worker in order to ease the pain from Plaintiff's disability.

23. Devon (Last Name Unknown) reported Plaintiff and his co-worker for switching positions to accommodate Plaintiff's disability to Sonia (Last Name Unknown).

24. On or about December 21, 2022, Plaintiff was called in to Manager Maria (Last Name Unknown) who transferred Plaintiff to Joe Sodano.

25. Joe Sodano informed Plaintiff that his assignment has been terminated and made false accusations stating that Plaintiff had "pulled too much product"—which was false.

26. Ultimately, on or about December 21, 2022, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

27. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendants perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

28. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30. Plaintiff met or exceeded performance expectations.

31. Plaintiff was treated less favorably than similarly situated employees outside of

Plaintiff's protected class.

32. Defendants terminated Plaintiff's employment on the basis of Plaintiff's disability.

33. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

34. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

35. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

36. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

37. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

39. Plaintiff is a qualified individual with a disability.

40. Defendants was aware of the disability and the need for accommodations.

41. Defendants failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

42. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendants.

43. Defendants did not accommodate Plaintiff's disability.

44. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*, due to Plaintiff's disability.

45. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

47. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

48. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

49. During Plaintiff's employment with Defendants, Plaintiff requested accommodations for his disability.

50. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

51. By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff requesting accommodations for his disability, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

52. Plaintiff suffered an adverse employment action in retaliation for engaging in

protected activity.

53. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 10th day of October, 2023.

                                             */s/Chad W. Eisenback, Esq.*
                                             **Chad W. Eisenback, Esq.**
                                             IL Bar No. 6340657
                                             **Mohammed O. Badwan, Esq.**

IL Bar No. 6299011
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*